UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GOMEZ,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>M. D. STAINER, Director, California Department of Corrections, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:14-cv-00890-RRB<br><br>**<u>ORDER DISMISSING COMPLAINT</u>** |

Daniel Gomez, a California state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1942 against various officials of the California Department of Corrections and Rehabilitation ("CDCR").[1] Gomez is incarcerated at the California State Prison, Corcoran, California ("CSP-Corcoran"), where the acts complained of occurred.

I.　**SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1]　In addition to M. D. Stainer, CDCR Director, Gomez names as defendants: Connie Gibson, Corcoran State Prison Warden; Correctional Lieutenant A. J. Thonson; Correctional Lieutenant C. Munoz; Correctional Sergeant S. Sztukowsky; Correctional Sergeant A. Peterson; Correctional Officer R. Burnitzki; Correctional Officer J. Hensley; Correctional Officer Gallardo; Chief Medical Officer Teresa Macias, M.D.; LVN M. Somawang; two Jhon (*sic*) Does (transportation officers); and Jane Doe.

[2]　28 U.S.C. § 1915A(a).

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

---

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5] *See Booth*, 532 U.S. at 734.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II.    GRAVAMEN OF COMPLAINT

Gomez was transported by bus to CSP-Corcoran to serve a term in the Special Housing Unit.  Upon his arrival at CSP-Corcoran, Gomez exited the bus where he was received by Burnitzki, Hensley and Sztukowsky.  During the transfer from Gomez's custody by transportation to custody by CSP-Corcoran, Burnitzki threw Gomez face-first against the wire fence.  Burnitzski then threw Gomez to the floor, Gallardo jumped in and held Gomez's legs.  Hensley held Gomez's upper body while Burnitzki and Gallardo assaulted him.  According to Gomez he suffered a laceration to his face from which he was actively bleeding, numerous bruises and abrasions to his shoulders, arms, legs, and back, and was in severe pain.

---

[9]  *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10]  *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11]  *Id.*

[12]  *Id.* (quoting *Twombly*, 550 U.S. at 555).

After the incident, Gomez was examined by LVN Somawang. Gomez alleges that Somalong refused to treat his injuries and refused to record Gomez's statement concerning the alleged attack. Gomez also alleges that Somawang, Jhonson, and a Jhon Doe refused to take or have taken pictures of Gomez's injuries. Gomez was treated the following day for his injuries.

In addition to an excessive use of force claim against Burnitzki, Hensley, and Gallardo, Gomez alleges a failure to protect claim against Sztukowsky and the Jhon Does. Gomez contends that Gibson's failure to take corrective disciplinary action against Burnitzki and Gallardo was the proximate cause of his injuries.

Gomez further alleges that, although he filed staff complaints, they were never processed.[13] Instead, Gomez was charged with and found guilty of staff assault in a Rules Violation Report ("RVR").[14]

As and for relief Gomez seeks: (1) damages from Burnitzki, Hensley, and Gallardo for assault and battery and violation of the Eighth Amendment (excessive force); (2) damages from Hensley, Sztukowsky, and the Jhon Doe Defendants for failure to protect; (3) damages from Warden Gibson for failure to disciplinary or other appropriate action to prevent the physical abuse; (4) the failure of Dr. Macias, Somawang, and Jane Doe to provide appropriate and necessary medical treatment constituted deliberate indifference

---

[13] The exhibits attached to the Complaint show that, contrary to Gomez's allegation, the staff complaint was processed, albeit with a result contrary to that sought by Gomez. Complaint, Docket 1, pp. 19–22.

[14] Docket 1, pp. 42–43.

and negligence under California law; (5) order that Gomez be released from the SHU to the general prison population; and (6) the disciplinary action be expunged.

## III. DISCUSSION

Initially the Court notes that M. D. Stainer, CDCR Director, and Warden Connie Gibson are sued solely in their official, not their individual, capacities. Although Gomez has sued Chief Medical Officer Macias in her individual capacity, nothing in the body of the Complaint or the voluminous attached exhibits indicates that either the Director, Warden, or Dr. Macias participated in the alleged deprivation of Gomez's rights. Section 1983 suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[15]

To the extent Gomez sues Stainer and Gibson in their official capacities it fails. The Supreme Court has held that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment" are not "persons" under § 1983.[16] The Supreme Court also clarified that "a suit against a state official in his or her official capacity . . . . is no different from a suit against the state itself."[17]

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[16] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989).

[17] *Id.* at 71.

To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[18]  That is, the official must "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[19]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added).  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][20]

Gomez's Complaint, including the attached exhibits, does not allege sufficient facts to support either vicarious or supervisor's liability.  Accordingly, the Complaint as against Stainer, Gibson, and Macias must be dismissed.

With respect to Gomez's medical deliberate indifference claim, that too fails to state a claim upon which this Court may grant relief.  The Medical Report completed by LVN Somawang notes that the examination of Gomez showed abrasions/scratches above his left eye and in the area of both knees.[21]  An examination the following day did not note the need for any treatment other than a mild pain reliever.[22]

---

[18] *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

[19] *Id.* (internal quotation marks and citations omitted).

[20] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco.*, 570 F.3d 1078, 1096 (9th Cir. 2009)).

[21] Docket 1, p. 111.

[22] Docket 1, pp. 113–16.

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[23] A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[24] While Gomez may disagree with the treatment received from Somawang and Jane Doe as being adequate, nothing in the record provided by Gomez, other than his own opinion, even remotely supports his medical deliberate indifference claim. Thus, it too must be dismissed.

To the extent that Gomez seeks an order directing he be released from the SHU, it fails to raise a claim cognizable under § 1983. Initially, in order to do so the Court would have to find the challenged disciplinary action invalid. This, as explained further below, the Court cannot do. In order to state a cause of action for violation of procedural due process, a prisoner must first establish the existence of a liberty interest within the scope of the protection of the Fourteenth Amendment.[25] Liberty interests may arise from the Dues Process Clause itself, or state law.[26] The Due Process Clause, standing alone, does not confer a liberty interest in prisoners being confined in the general prison population instead

---

[23] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment).

[24] *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[25] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[26] *See Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983).

of administrative segregation.[27] Furthermore, the record indicates that Gomez received all the process to which he was due.[28] Therefore, Gomez's due process claim must also be dismissed.

This Court must also deny Gomez's request that the disciplinary action be expunged. The record provided indicates that as a result of the RVR proceeding Gomez was assessed a loss of 90 days good time credit.[29] Persons subject to state custody generally "have two potential avenues to remedy violations of their federal constitutional rights: a habeas petition under 28 U.S.C. § 2254, and a civil suit under 42 U.S.C. § 1983."[30] In *Preiser,* the Supreme Court addressed "the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus,"[31] and held that § 1983 implicitly excludes from its coverage claims that lie "within the core of habeas corpus."[32] Thus, a person who is in state custody may not use § 1983 to challenge "the very fact or duration of . . . confinement" by seeking "a determination that he is entitled to immediate release or

---

[27] *Id.*

[28] *See Wilkinson v. Austin,* 545 U.S. 209, 228 (2005) (notice and opportunity to be heard are adequate procedural safeguards for placement in maximum custody); *Bruce v. Ylst,* 351 F.3d 1283, 1287–88 (9th Cir.2003) (prison officials must provide an inmate with notice of the charges and an opportunity to present his views, and decision must be supported by "some evidence" with sufficient indicia of reliability).

[29] Docket 1, p. 30; Cal. Code Reg. §§ 3005(d)(1), 3323(f)(11).

[30] *Osborne v. Dist. Attorney's Office,* 423 F.3d 1050, 1053 (9th Cir.2005) (citing *Heck v. Humphrey,* 512 U.S. 477, 480 (1994)).

[31] *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[32] *Id.* at 487–88.

a speedier release from that imprisonment"—for example, an injunction requiring prison officials to grant good-time credits that would shorten his prison term.[33]

One of the preconditions to bringing a federal *habeas* petition is that this Court may not consider claims that have not been fairly presented to the state courts.[34] Unexhausted claims must be dismissed.[35] Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[36] Gomez has failed to fully exhaust his state court remedies by presenting his claim to the highest state court,[37] the California Supreme Court.

Because Gomez is proceeding *pro se* and this Court must liberally construe *pro se* pleadings,[38] normally this Court would simply dismiss with leave to amend providing Gomez the opportunity to cure the defect, i.e., refile as a petition for *habeas* relief. In this case, however, it is obvious from the Complaint that Gomez has not sought relief in any form in the California courts. Thus, as a petition for federal *habeas* relief, because he has not

---

[33] *Id.* at 499–500; *see Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) ("it has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good-time credit must proceed in habeas corpus, and not under § 1983.").

[34] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[35] *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[36] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[37] *See Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir.2003) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[38] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

exhausted any of his claims in the state courts, it is premature and must be dismissed.[39] Dismissal will, however, be without prejudice to Gomez filing a petition for federal *habeas* relief under § 2254 or 2241, as appropriate.

Although Gomez names Correctional Sergeant A. Peterson as a defendant, nothing in the body of the Complaint alleges any act or action by Sgt. Peterson that in some way violated Gomez's rights. A review of the exhibits attached to the Complaint indicates that Sgt. Peterson was the reviewing custody supervisor with respect to the investigation into the RVR. Not only is the Complaint devoid of any allegations implicating Peterson, other than in connection with processing of the RVR, nothing in attachments to the Complaint involves him in any way. For the same reason that review of the rules violation conviction is beyond the purview of this Court in a § 1983 action, so too is any claim against Peterson. Accordingly, it also must be dismissed.

The claim against Hensley, Burnitzski, and Gallardo stands on a somewhat different footing. It has long been well-established that the wanton and unnecessary use of physical force resulting in the infliction of pain constitutes cruel and unusual punishment under the Eighth Amendment.[40] Whenever prison officials stand accused of using excessive physical force in violation of cruel and unusual punishment clause, core of judicial inquiry is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and

---

[39] As a habeas petition it would consist of solely unexhausted claims, not *both* exhausted and unexhausted claims. Thus, the stay and abey procedure under which the court dismisses the unexhausted claims and holds the exhausted claims in abeyance pending exhaustion is inapplicable. *See Rose*, 455 U.S. at 522; *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose*).

[40] *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986).

sadistically to cause harm.[41]  While the extent of the injury suffered by an inmate is one of the factors to be considered in determining whether the use of force was wanton and unnecessary in violation of the Eighth Amendment's prohibition against cruel and unusual punishment; absence of a serious injury does not necessarily end the inquiry.[42]  As stated by the Ninth Circuit.

> We have previously identified five factors set forth in *Hudson* to be considered in determining how the above question should be answered; namely, "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response."[43]

This claim suffers from the same infirmity as does his request that the disciplinary action be expunged.  The disciplinary action found to be true that:  Gomez refused to obey a lawful order, acted belligerently in response to that order, and attempted to head-butt Burnitzski.  Under those facts, no properly instructed, reasonable jury applying the *Hudson* factors could find in favor of Gomez, i.e, that the force was not applied in a good faith effort to maintain discipline, or was applied maliciously and sadistically to cause Gomez harm.  In order to find in favor of Gomez this Court would be required to at least implicitly invalidate the disciplinary action taken against Gomez.  As noted above, this the Court may not do in an action brought under § 1983.  Accordingly, this claim must also be dismissed without prejudice to seeking *habeas* relief.

---

[41] *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley*, 475 U.S. at 320–21).

[42] *Id.* at 7–8.

[43] *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (quoting *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003)).

For the same reason that the claims against Hensley, Burnitzski, and Gallardo must be dismissed, the failure to protect claims against Sztukowsky and the Jhon Doe defendants must also be dismissed.

## IV.    CONCLUSION/ORDER

Although normally this Court would grant leave to amend,[44] it is obvious that Gomez cannot truthfully allege that he has properly exhausted the prerequisite remedies in the California state courts.  Accordingly, the Complaint on file herein is hereby **DISMISSED** in its entirety without prejudice to seeking appropriate relief in the California state courts.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims, or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.  Accordingly, any appeal would be frivolous or taken in bad faith.[45]  Therefore, Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 24th day of April, 2015

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE

---

[44] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

[45] 28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).